# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q. DIAZ GATES-NGUYEN, aka NOEL GALLEGO GARRUCHA CDCR #T-94013, VELAZQUEZ<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO COUNTY JAIL; SAN DIEGO COUNTY SHERIFF,<br><br>Defendant. | Civil No.   07-1907 LAB (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i) AND § 1915A(b)(1).** |

Plaintiff Q. Diaz Gates-Nguyen, aka Noel Gallego Garrucha, an inmate currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California and proceeding pro se, along with Plaintiff Velazquez,  has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

In addition, Plaintiff Gates-Nguyen has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.    Motion to Proceed IFP**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff Gates-Nguyen has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

(finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff Gates-Nguyen's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Plaintiff's Representation**

It appears from the face of Plaintiff's Complaint that he is seeking to represent an additional Plaintiff who is only identified as "Velazquez." There is no other information with regard to Plaintiff Velazquez. In addition, Plaintiff Velazquez did not file a Motion to Proceed *IFP*. To the extent that Plaintiff Gates-Nguyen seeks to represent Velazquez, he has no standing, for pro se litigants have no authority to represent the interests of anyone other than themselves. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party.... A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury.") (quotations and citation omitted); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that while a nonattorney may represent himself, he has no authority to appear as an attorney for others). Thus, the Court **DISMISSES** Plaintiff Velazquez from this action for failing to file a Motion to Proceed *IFP*.

**III.   Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

   **A.    Standard of Review**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

////

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff's Complaint fails to set forth with any specificity any allegations of a denial of his constitutional rights. The allegations that are made in the Complaint are virtually incomprehensible. Plaintiff appears to allege that personnel within the San Diego County Jail implemented policies to commit "treason assault on the class of directors, interns and professionals of Microsoft.com/Mindshare." (Compl. at 1.) There are no other comprehensible allegations in Plaintiff's one page Complaint. To the extent that Plaintiff intends these allegations to support an independent constitutional claim for relief under section 1983, the Court finds they are frivolous. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to be frivolous under 1915(e)(2)(B) because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

**IV.   Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff Velazquez is **DISMISSED** from this action for failing to pay the initial civil filing fee or move to proceed IFP;

(2)   Plaintiff Gate-Nguyen's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(3)   The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal

1  to twenty percent (20%) of the preceding month's income credited to the account and forward
2  payments to the Clerk of the Court each time the amount in the account exceeds $10 in
3  accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY
4  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

5  (4) The Clerk of the Court is directed to serve a copy of this Order on James Tilton,
6  Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,
7  Sacramento, California, 94283-0001.

8  **IT IS FURTHER ORDERED** that:

9  (5) Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C.
10  § 1915(e)(2)(B)(i).  Because it does not appear "at all possible that the plaintiff can correct the
11  defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty*
12  *Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of
13  discretion where further amendment would be futile).

14  (6) The Clerk shall close the file.

15  **IT IS SO ORDERED.**

17  DATED: January 3, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge